**FILED**

**July 24, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:28 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Employee: Rosemary Boyd | ) | Docket No. 2015-06-0257 |
|---|---|---|
| | ) | |
| Employer: Hewlett Packard Co. | ) | State File No. 72453-2014 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

FILED

July 24, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:28 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Rosemary Boyd | ) Docket No. 2015-06-0257 |
| | ) |
| Employer: Hewlett Packard Co. | ) State File No. 72453-2014 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Affirmed and Remanded – Filed July 24, 2015

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

In this interlocutory appeal, the employee alleges that she sustained a new injury or aggravation of a pre-existing right shoulder condition while typing on a computer keyboard at work. Following the employer's denial of the claim, the employee filed a Request for Expedited Hearing and sought a decision from the workers' compensation judge based on affidavits and documentary evidence without an evidentiary hearing. The trial judge entered an expedited hearing order denying the employee's claim for benefits. The employee has appealed, alleging that the trial judge did not give adequate weight to the opinion expressed by the physician who previously treated the employee's shoulder condition. Having carefully reviewed the record, we affirm the decision of the trial judge and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Michael Fisher, Nashville, Tennessee, for the employee-appellant, Rosemary Boyd

W. Troy Hart, Knoxville, Tennessee, for the employer-appellee, Hewlett Packard Co.

1

**Factual and Procedural Background**

The employee, Rosemary Boyd ("Employee"), is a 61-year-old resident of Davidson County, Tennessee, who alleges that she suffered a work injury on August 18, 2014. She was employed by Hewlett Packard Company ("Employer") as a clerk. Prior to the date of the alleged work injury, Employee sought treatment from an orthopedic physician, Dr. Brandon Downs, who performed surgery on her right shoulder in December 2013 and again in June 2014 due to complaints unrelated to her employment. The surgical procedures included right rotator cuff repair, distal clavicle excision and limited debridement of the right shoulder.[1]

On August 25, 2014, during a physical therapy appointment, Employee reported that she had swelling in the top of her shoulder, that she experienced difficulty reaching, and that she believed she may need an MRI. The following day, August 26, 2014, she returned to Dr. Downs, complaining that she "has persistent pain since the incident of burning pain in the posterior shoulder on 8/11/2014." She also reported that her pain was worse "in the morning, in the middle of the day, in the afternoon, at night, after activity, and after physical therapy." There was no specific description of a work incident involving a computer keyboard in either the August 25 physical therapy report or the August 26 report from Dr. Downs.

An MRI completed August 27, 2014, revealed a recurrent full thickness tear in the right rotator cuff. On August 28, 2014, Dr. Downs discussed with Employee the need for a third surgical repair. According to Dr. Downs' report dated September 2, 2014, "[t]he patient reports that she had spoken with her office to file a claim with workers' compensation on 8/29/2014. She was told that she needed documentation by a practitioner of the work-related injury." Dr. Downs noted that her right shoulder pain "developed as a result of a work-related injury on 8/11/2014 which occurred while she was typing at her desk. She had stated that she went to key the F9 key and immediately felt a 'pop' in her posterior shoulder [which] resulted in burning pain."

Upon receiving Employee's report of an alleged work injury, Employer apparently authorized her to be evaluated at Concentra Medical Centers.[2] On a document entitled "Concentra Patient Information," which appears to be completed and signed by Employee, she listed the date of injury as "8-18-2014," contradicting Dr. Downs' records, and wrote, "I was keying claims and reached for the F-6 button and felt something like a split in my right shoulder with burning and pain that followed." In a report dated

---

[1] No evidentiary hearing occurred in this case. We have gleaned the facts from the trial court's interlocutory order, the technical record, and the exhibits offered into evidence.

[2] It is unclear from the Concentra records whether Employee selected that practice from a panel of physicians offered by Employer. On the Petition for Benefit Determination, Employee indicated that she had received a panel of physicians and that she had selected Dr. Downs from that panel. However, other information in the record on appeal suggests that the Concentra physicians were authorized pursuant to the Tennessee Workers' Compensation Law, but that Dr. Downs was not.

2

September 12, 2014, the Concentra physician, Dr. Reddy, noted that "Patient denies any lifting, pushing, pulling or overhead reaching with the shoulder." Dr. Reddy then concluded, "[i]t is my opinion that this reported condition is unlikely work related." Thereafter, in a report dated September 25, 2014, another Concentra physician, Dr. Syed, stated, "[m]echanism of injury does not support rotator cuff tear. Patient has preexisting condition in the same shoulder and has history of previous recurrent rotator cuff injury and tear."

On November 9, 2014, Employer filed a Form C-23, Notice of Denial of Claim for Compensation, indicating that Employer did not believe that the alleged injury arose out of or in the course of employment. On January 16, 2015, counsel for Employee forwarded a letter to Dr. Downs asking whether, in his opinion, Employee's right shoulder injury "arose primarily out of [and in] the scope and course of her employment." Dr. Downs, or someone on his behalf, checked the "Yes" response and signed the letter. Thereafter, Employee submitted a written statement from Dr. Downs, who opined "within a reasonable degree of medical certainty that [Employee] was involved in a work incident on August 18, 2014 that primarily resulted in a[n] injury to her right shoulder."[3] He further stated that he "opine[d] within a reasonable degree of medical certainty that [Employee]'s August 18, 2014 work injury resulted in an anatomical change, progression and advancement of any pre-existing right shoulder symptoms."

On March 23, 2015, Employee filed a Petition for Benefit Determination ("PBD"), seeking temporary disability benefits and medical benefits for the current injury. Following mediation efforts, the Dispute Certification Notice was issued on May 5, 2015, and the Request for Expedited Hearing was filed on June 10, 2015, seeking a ruling based on a review of the file without an evidentiary hearing. The trial court issued its expedited hearing order on July 6, 2015, and Employee timely filed a Notice of Appeal on July 7, 2015. The record was submitted to the Appeals Board on July 20, 2015.

## Standard of Review

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). Moreover, the statute details limited circumstances warranting reversal or modification of a trial court's decision:

> The workers' compensation appeals board may reverse or modify
> and remand the decision of the workers' compensation judge if the rights of

---

[3] The written statement in the record is titled "Affidavit," but is not notarized under oath and, therefore, does not constitute sworn testimony. However, Employer did not respond to the Request for Expedited Hearing and, thus, offered no objection to the written statement of Dr. Downs.

3

any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3) (2015), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

The issuance of an expedited hearing order is governed by Tennessee Code Annotated section 50-6-239(d) (2014). Subparagraph (2) expressly states that "[a] workers' compensation judge is not required to hold a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits." Tenn. Code Ann. § 50-6-239(d)(2) (2014). The rules governing Mediation and Hearing Procedures further provide that "[u]pon receipt of the file, the judge shall have the discretion to either set the matter for a hearing or enter an interlocutory order based on a review of the file *upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim*." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c) (2015) (emphasis added). In its expedited hearing order, the trial court did not expressly determine that no additional information was needed, but noted that Employer did not object to Employee's request for a ruling without an evidentiary hearing. Since Employer did not appeal the order, this issue need not be addressed.[4]

---

[4] We note that Rule 0800-02-21-.14(1)(c), which requires the trial court to determine that no additional information is needed to issue an interlocutory order without an evidentiary hearing, is separate and distinct from a determination that a trial court can issue a ":decision on the record." A "decision on the record" applies to compensation hearings

4

The critical question to be resolved in this appeal is whether Employee came forward with sufficient information from which the trial court could determine that she is likely to prevail at a hearing on the merits. To resolve this issue, it is also necessary to address whether the causation opinions expressed by the Concentra physicians are entitled to a rebuttable presumption of correctness pursuant to Tennessee Code Annotated section 50-6-102(13)(E) and, if so, whether Employee effectively rebutted that presumption by a preponderance of the evidence.

Tennessee Code Annotated section 50-6-102(13), which defines an "injury" in the workers' compensation context, provides as follows:

> The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence.

Tenn. Code Ann. § 50-6-102(13)(E) (2015). In the present case, the record is somewhat muddled regarding this issue. On the PBD, page 2, the petitioner is asked, "Has the Employee Been Provided a Panel of Physicians?" Employee marked "Yes." The form additionally states, "If yes, Name Physician Selected." Employee indicated that Dr. Downs had been selected. The form then states, "Name all doctors seen for this injury." Employee noted "Concentra, Dr. Downs."

The trial court concluded that the Concentra physicians were "panel selections" entitled to a presumption of correctness on the issue of medical causation. In the written statement offered by Employee's counsel, accepted by the trial court as Exhibit 1,[5] counsel stated that Employee "originally treated at Concentra before she was denied further workers' compensation benefits." While this does not expressly state that Concentra was chosen from a panel, it implies that Concentra was the authorized provider pursuant to Tennessee Code Annotated section 50-6-204. This is corroborated by the Concentra report dated September 12, 2014, which indicated that Employee "is here through workers' compensation." Given that Employee admitted receiving a panel on the PBD, a reasonable interpretation of the technical record and documentary evidence is that Concentra was the authorized provider selected in accordance with Tennessee Code Annotated section 50-6-204(a)(3) (2014) and is, therefore, entitled to the presumption of correctness on the issue of causation.

---

and requires a finding that there is "no material fact . . . in dispute." *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(9) & 0800-02-21-.14(2) (2015).

[5]Although Exhibit 1 is identified as an "Affidavit" of Employee's counsel of record, the trial court indicated that it considered the written statement of counsel "to be allegations." For purposes of this appeal, it is being treated as argument of counsel.

The trial court also concluded that the identification of Dr. Downs as a physician selected from Employer's panel on the PBD "appears to be an error." In his written statement, Employee's counsel noted that "Concentra referred [Employee] to an orthopedic physician but this was denied. [Employee] then went to Dr. Brandon Downs for treatment." In considering Employee's prior medical history with Dr. Downs, as well as the written argument of Employee's counsel, it was reasonable for the trial court to conclude that Dr. Downs was *not* an authorized treating physician for purposes of this claim, despite the indication on the PBD.

Consequently, the issue is whether the medical records and unsworn affidavit of an unauthorized physician are sufficient to rebut the presumption of correctness afforded the causation opinions of the authorized physicians. Dr. Reddy expressed the opinion that "this condition is unlikely work related." Dr. Syed stated that the "mechanism of injury does not support rotator cuff tear." Conversely, in his written statement, Dr. Downs does not address the mechanism of injury and does not offer an opinion as to how typing on a computer keyboard could cause a recurrent rotator cuff tear. Moreover, Dr. Downs failed to explain the discrepancy between the alleged date of injury noted in his records (8/11/2014) and the date of injury reflected in his written statement (8/18/2014). In short, the evidence presented to date does not preponderate against the trial court's conclusion that the opinions offered by Dr. Downs do not rebut the causation opinions offered by the Concentra physicians.

## Conclusion

For the foregoing reasons, we conclude that the evidence does not preponderate against the trial court's denial of benefits based on the record as it currently stands. Additionally, we find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, we affirm the trial court's decision and remand the case for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

6